IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MICHAEL C. GREENSPON,<br><br>      Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, *et al.*,<br><br>      Defendants. | Case No. 19-cv-00416-DKW-WRP<br><br>**ORDER (1) GRANTING MOTION TO REMAND AND (2) REMANDING ACTION TO STATE CIRCUIT COURT** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>      Third-Party Plaintiff,<br><br>vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*,<br><br>      Third-Party Defendants. | |

On August 2, 2019, Third-Party Defendant Federal Deposit Insurance Corporation (FDIC) removed this action from the Second Circuit Court for the State of Hawaiʻi. Dkt. No. 1. Almost a month later, Plaintiff Michael Greenspon filed a motion to remand on the ground that the FDIC's removal was

untimely. Dkt. No. 16. In response, the FDIC argues that removal was timely, pursuant to Section 1819 of Title 12, because it removed this action within 90 days of being properly served with the Third-Party Complaint. After considering the parties' arguments and reviewing the record, as explained below, the Court finds that this action was not timely removed. As a result, the Court GRANTS the motion to remand to the extent that this action is remanded to the Second Circuit Court.

## RELEVANT BACKGROUND

In its notice of removal, the FDIC asserts that this case was removable under 12 U.S.C. Section 1819(b)(2)(B) because the FDIC "has the right to remove any action…from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action…is filed against the FDIC or the FDIC is substituted as a party." Dkt. No. 1 at ¶ 7 (quotation and alterations omitted). With the issue framed in that light, the following background is relevant.

This case was removed on August 2, 2019. Ninety days before that date is May 4, 2019. A copy of the Third-Party Complaint and Amended Summons was delivered to (1) the Executive Secretary of the FDIC on May 7, 2019, Dkt. No. 1-2 at 4, (2) the U.S. Attorney General on January 4, 2019, Dkt. No. 16-4 at 4, (3) the

2

U.S. Attorney's Office for the District of Hawaiʻi on December 31, 2018, Dkt. No. 16-3 at 3, and (4) A. James Wriston, Jr. on December 31, 2018, Dkt. No. 16-3 at 1. Third-Party Plaintiff, Deutsche Bank National Trust Company (DBNTC), filed the Third-Party Complaint in the Second Circuit Court on May 14, 2018. Dkt. No. 1-1. Therein, the FDIC is named as a third-party defendant. *Id*. at ¶ 4.

On August 31, 2019, Greenspon filed the instant motion to remand. Dkt. No. 16. In his opening memorandum, Greenspon argues that, for various reasons, this case was untimely removed, including the failure to remove within 90 days of the Third-Party Complaint being filed, the failure to remove within 90 days of the FDIC's "local agent" receiving the Third-Party Complaint, and the failure to remove within 90 days of the FDIC's counsel being given copies of the Third-Party Complaint. *See generally* Dkt. No. 16-1.

In opposition, Dkt. No. 20, the FDIC responds that removal was timely under Section 1819 because the 90-day window for removal did not begin to run until May 7, 2019 when the FDIC's Executive Secretary received the Third-Party Complaint and summons. The FDIC further argues that, even if removal was untimely, remand would be "futile" because neither this Court nor the Second Circuit Court have jurisdiction over the claims asserted against the FDIC. The

FDIC asserts that, as a result, it should be dismissed from the Third-Party Complaint.

## RELEVANT LEGAL PRINCIPLES

Because the FDIC relies solely upon Section 1819 for its removal of this case, the Court recites the relevant statutory language from that provision only.[1] Section 1819(b)(2)(B) provides that the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against [FDIC] or the [FDIC] is substituted as a party."

Further, because the FDIC also relies on when it was served with the Third-Party Complaint, the Court also recites Federal Rule of Civil Procedure 4(i)(2), which governs service of a summons and complaint on a United States corporation, such as the FDIC. Specifically, Rule 4(i)(2) provides that, to serve the FDIC, "a person must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the [FDIC]."

---

[1]The FDIC disavows any reliance on the general removal statute, Section 1446 of Title 28. *See* Dkt. No. 20 at 2 ("28 U.S.C. § 1446 – simply does not apply where, as here, the FDIC removes under [Section 1819]." Therefore, the Court does not further address that provision.

## DISCUSSION

Based upon the briefing, there is much on which the relevant parties agree.[2] There is no dispute, for instance, that the Executive Secretary of the FDIC received the Third-Party Complaint and summons on May 7, 2019. There is no dispute that the U.S. Attorney General received the Third-Party Complaint and summons on January 4, 2019. There is no dispute that the U.S. Attorney's Office for Hawaiʻi received the Third-Party Complaint and summons on December 31, 2018. There is no dispute that A. James Wriston, Jr. received the Third-Party Complaint and summons on December 31, 2018. There is no dispute that Mr. Wriston is and was an FDIC agent for service of process in Hawaiʻi.[3] There is no dispute that the Third-Party Complaint was filed in State court on May 14, 2018. There is also no argument from the FDIC that its Executive Secretary, the U.S. Attorney General,

---

[2]By "relevant parties," the Court means the FDIC and Greenspon, given that the only other parties that have addressed the instant motion, including DBNTC, have filed statements of no position. *See* Dkt. Nos. 18, 19, 21. In addition, the Court notes that, in its opposition, the FDIC suggests that Greenspon does not have "standing" to contest its removal. Dkt. No. 20 at 11-12 n.8. However, given that the FDIC purports to remove "the entire above-captioned action," Dkt. No. 1 at 3, which presumably includes Greenspon's complaint, the Court does not see how that could be the case.

[3]In its opposition, the FDIC appears to describe Mr. Wriston as the "purported" FDIC agent for service of process in Hawaiʻi. *See* Dkt. No. 20 at 10. Although this assertion does not *dispute* Mr. Wriston's status as a local agent for service of process, as will be discussed *infra*, any suggestion that Mr. Wriston is not, in fact, the FDIC's agent for service of process in Hawaiʻi would be baseless in light of the FDIC's own website stating that he is.

the U.S Attorney for Hawaiʻi, or Mr. Wriston did not properly receive the Third-Party Complaint and summons.

What is in dispute is which of the foregoing events is relevant to assessing the timeliness of the FDIC's removal on August 2, 2019. Greenspon asserts, *inter alia*, that it is either the May 14, 2018 filing of the Third-Party Complaint or the December 31, 2018 receipt of the Third-Party Complaint and summons by Mr. Wriston. The FDIC asserts that it is the May 7, 2019 receipt of the Third-Party Complaint and summons by its Executive Secretary. This Court disagrees with the FDIC.

In support of its position, the FDIC cites, *inter alia*, Section 309.7(a) of Title 12 of the Code of Federal Regulations. In pertinent part, that provision provides as follows:

> Where the FDIC is named as a party, service of process shall be made pursuant to the Federal Rules of Civil Procedure, and upon the Executive Secretary (or designee) … or upon the agent designated to receive service of process in the state, territory, or jurisdiction in which any insured depository institution is located.

According to the FDIC, the foregoing language *requires* a party to serve process upon its Executive Secretary. The FDIC reaches this conclusion by arguing that, in order to comply with the language "pursuant to the Federal Rules of Civil Procedure," a party must "send[] a copy of the operative complaint and

summons to the agency or corporation[,]" here the FDIC. Dkt. No. 20 at 11 (quotation omitted). The FDIC then argues that this was not accomplished until the Executive Secretary was sent the Third-Party Complaint and summons. The FDIC further asserts that sending a copy of a complaint and summons to a local agent is only one way to satisfy an "additional requirement" that Section 309.7(a) imposes.

The FDIC's arguments are misplaced. First, the FDIC cites no support for the proposition that the only way to serve a corporation such as the FDIC is to serve its Executive Secretary. Instead, at the very least, a leading treatise suggests otherwise. *See* 4B Charles Alan Wright, Arthur R. Miller, and Adam N. Steinman, *Federal Practice and Procedure* § 1108 (4th ed. 2015) (explaining that a plaintiff "should take care to address the summons and complaint, under Rule 4(h), to an individual who is an 'officer, a managing or general agent' or agent appointed by law.") (quoting Fed.R.Civ.P. 4(h)(1)(B)). That is consistent with the federal statute setting forth the FDIC's powers. *See* 12 U.S.C. § 1819(b)(3) ("The Board of Directors shall designate agents upon whom service of process may be made in any State, territory, or jurisdiction in which any insured depository institution is located."). Of course, the Executive Secretary may be designated as an agent upon whom service of process may be made, which, as will be shown

below, is the case, but, that does not mean that the Executive Secretary is the *only* agent.

Second, the FDIC's assertion–that serving a local agent is only one way of satisfying an "additional requirement" created by Section 309.7(a)–makes no sense.  As the FDIC sees things, in order to satisfy Section 309.7(a), a party must serve <u>both</u> the Executive Secretary <u>and</u> <u>either</u> the Executive Secretary <u>or</u> a local agent.  Under this construction, it would be *pointless* to serve a local agent because serving the Executive Secretary would accomplish <u>both</u> requirements.  Put simply, the only natural construction of Section 309.7(a) is that there is only <u>one</u> requirement with respect to *who* must be served with process: <u>either</u> the Executive Secretary <u>or</u> a local agent.

Third, to the extent there was any doubt about the foregoing, the FDIC's *own website* dispels it.  Notably, the FDIC's website contains a page with the title "Agents for Service of Process."  *See* FDIC, Agents for Service of Process (Oct. 15, 2019, 1:02 PM), https://www.fdic.gov/about/contact/agents/index.html.  That page provides the following illuminating explanation for how to accomplish (and not accomplish) service of process upon the FDIC:

> ATTENTION: If you name the FDIC (in any capacity) as a party to a lawsuit in federal or state court, please note that service of process on any of the agents listed below does not, by itself, complete service of process on the FDIC.  If you wish to serve process on the FDIC as a

> party to a lawsuit in either federal or state court, you must serve one of the agents listed below (in the appropriate jurisdiction), AND the Attorney General of the United States in Washington, D.C., AND the United States attorney for the district in which the lawsuit is brought. Service of process on the FDIC is not complete until all three of these steps are completed.

*Id.*

In other words, stripped down to the issue in dispute here, in order to serve process upon the FDIC, a litigant must serve "*one* of the agents listed below (in the appropriate jurisdiction)…." *Id.* (emphasis added).[4] The operative question, therefore, is who are "the agents listed below"? One of them is the Executive Secretary.[5] *Id.* Importantly, one of them is also, at least in Hawaiʻi, A. James Wriston, Jr., Esq. *Id.* In this light, perhaps understandably, the FDIC's website is consistent with Wright & Miller, as well as the only natural reading of Section 309.7(a): assuming the Attorney General and the relevant U.S Attorney are served, service of process upon the FDIC can be completed by serving <u>either</u> the Executive Secretary <u>or</u> the relevant local agent, who, here, is Mr. Wriston.[6] As a result, the

---

[4]As already mentioned, there is no dispute here that the Attorney General and the U.S Attorney for Hawaiʻi were served with the Third-Party Complaint and the summons.

[5]The guidance on the FDIC's website nowhere mentions that the Executive Secretary *must* be served, as the FDIC asserts here.

[6]There is no dispute here that Mr. Wriston was not the agent for service of process at the time the Third-Party Complaint and summons were sent to him in December 2018. In addition, there is no dispute here that Mr. Wriston was not properly served. Therefore, the Court does not further address either of these matters.

Court rejects the FDIC's argument that failing to send a copy of the Third-Party Complaint and summons to the Executive Secretary rendered service on the FDIC insufficient in this case.

Further, because the record reflects that the Third-Party Complaint and summons were received by the U.S. Attorney General, the U.S. Attorney for Hawaiʻi, and the FDIC's local agent Mr. Wriston by January 4, 2019, the Court finds that, for purposes of this case, the 90-day window under Section 1819 expired on April 4, 2019.[7] That renders the August 2, 2019 removal of this case as untimely.

As an alternative argument, the FDIC asserts that, even if removal was untimely, a remand would be "futile" because neither this Court nor the State court has subject matter jurisdiction over the claims asserted against the FDIC. This argument, however, has not been properly presented to the Court in the form of a motion to dismiss, and there is therefore no reason to delay ruling on the instant motion while the Court waits for a motion to dismiss that may never come (*see* Dkt. No. 20 at 20 n.11).[8] Moreover, while the FDIC asserts that this Court can

---

[7]For purposes of this case, the Court assumes, without deciding, that Section 1819's 90-day window for removal began to run when the Third-Party Complaint and summons were received, rather than when the Third-Party Complaint was filed against the FDIC.

[8]Thus, this case is different than *Dernis v. Amos Fin.*, 701 F. App'x 449 (6th Cir. July 3, 2017), which the FDIC cites in its opposition. In *Dernis*, the "FDIC opposed the motion [to remand] *and* moved to dismiss the claims against it…." *Id*. at 452 (emphasis added).

*sua sponte* dismiss for a lack of subject matter jurisdiction, the Court is not prepared to do that either, where the arguments related to such a dismissal have not been fleshed-out by the FDIC or presented in a manner so that a party, such as DBNTC, can respond.[9] Instead, the Court is only prepared to determine, because it is the only motion that has been filed, whether removal jurisdiction exists over this case, and the Court finds that no such jurisdiction exists.

## **CONCLUSION**

The motion to remand, Dkt. No. 16, is GRANTED. This case is hereby REMANDED to the Second Circuit Court for the State of Hawaiʻi. The Clerk is instructed to mail a copy of this Order to the clerk of the Second Circuit Court and then CLOSE this case.

IT IS SO ORDERED.

Dated: October 16, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

[9]So it is clear, the Court does not reach the legal merit (if any) of the arguments the FDIC makes regarding the alleged lack of subject matter jurisdiction over DBNTC's claims against it.